# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: <br><br> ROBERT G. LOCKE, <br><br> Debtor. | Case No.  11-10907-RGM <br> (Chapter 7) |
| DeCARO & HOWELL PC, <br><br> Plaintiff, <br><br> vs. <br><br> ROBERT G. LOCKE, <br><br> Defendant. | Adv. Proc. No. 11-1261 |
| REBECCA ABEL, <br><br> Plaintiff, <br><br> vs. <br><br> ROBERT G. LOCKE, <br><br> Defendant. | Adv. Proc. No. 11-1262 |

## MEMORANDUM OPINION

This case is before the court on the plaintiffs' motions for summary judgment as to Counts 4 through 9. The complaints and motions are substantially the same in both cases and will be considered together. These counts seek to deny the debtor a discharge. Counts 4 through 9 list all of the grounds available under the Bankruptcy Code to deny a debtor a discharge based on his conduct: fraudulent transfers of property within one year before the filing of a petition; concealment

1

or failure to maintain books and records; false oath; failure to satisfactorily explain a loss of assets; refusal to answer material questions; and commission of the foregoing acts within one year prior to the present case in another bankruptcy case. 11 U.S.C. §727(a)(2)-(a)(9). The complaint contains 15 pages of allegations followed by nine separate counts. Each count, in the case of Counts 4 to 9, is simply the conclusion that the allegations constitute grounds for denial of the debtor's discharge under a different subsection of §727(a).

Summary judgment is an important aspect of federal practice and should be granted when material facts are not genuinely disputed and the moving party is entitled to judgment as a matter of law based on those facts. Fed.R.Bankr.Proc. 7056 incorporating Fed.R.Civ.Proc. 56. The summary judgment record may consist of the pleadings to the extent allegations are admitted, depositions, affidavits and declarations, among other matters. Here, it consists principally of Mr. Locke's admissions in his answer to the complaints; an excerpt from Judge Dennis J. Smith's oral ruling in *Ferrante v. Locke, et al.,* Fairfax County Circuit Court, Case No. CL2009-10719 (June 30, 2011)[1]; an unsigned copy of what purports to be the transcript of the first meeting of creditors; two letters; a draft but unsigned order in *First Bank & Trust Leasing Services v. Chuck's Calabash, Inc., et al.,* Fairfax County Circuit Court, Case No. CL10-6631; and Mr. Locke's declaration. (Docket Entries 52). The plaintiffs offered no affidavits or declarations.

Some issues are easily resolved. The plaintiffs assert that Mr. Locke admitted certain facts pled in the complaint. In fact, in many instances, Mr. Locke both admitted and denied the allegations contained in the referenced paragraphs of the complaint. *See* Answer to Complaint to

---

[1] The oral ruling was supplemented by what is described as a copy of a judgment order in that case. This order and the additional argument in the plaintiff's Second Supplement filed July 30, 2012, do not materially aid the plaintiff's motions for summary judgment.

Determine Dischargeability of Debt (Docket Entry 11). For example, Mr. Locke both admits and denies the allegations contained in paragraphs, 12, 15, 31 and 32. *Id.* at ¶¶1-2. It is not clear which parts of those paragraphs are admitted and which parts are denied. The court cannot take them as admitted in their entirety and they cannot be the basis to establish undisputed facts. Judge Smith's oral ruling is interesting, but it was made after this case was commenced at a time when the automatic stay prevented any further action against the debtor. Mr. Ferrante, the plaintiff, asked this court for a declaration that the automatic stay did not apply as to the parties in that case other than Mr. Locke. The motion was granted. Order, *In re Robert G. Locke,* Bankruptcy Case 11-10907 (February 18, 2011) (Docket Entry 22). Without further evidence, such as the trial pleadings or the transcript of the proceeding, the ruling is not helpful in resolving the motions for summary judgment.

The plaintiffs may also be misconstruing the provisions of §727. The court notes that they consistently refer to "nondischargeability pursuant to §727." Nondischargeability is governed by §523 of the Bankruptcy Code. Under this section, a particular debt may be declared nondischargeable, that is, it remains enforceable notwithstanding the granting of a discharge. Section 727 governs discharges, that is, whether the debtor receives a discharge at all. If he does not receive a discharge, all of his debts remain enforceable after the bankruptcy case is concluded. While not a material factor here, it suggests a misunderstanding of the Bankruptcy Code. That misunderstanding is also evident in the plaintiff's discussion of §727(a)(6) which denies a debtor a discharge if he has refused, in the case:

> (B) on the ground of privilege against self-incrimination, to respond to a material question approved by the court or to testify, after the debtor has been granted

>   immunity with respect to the matter concerning which such privilege was invoked; or
>
>   (C) on a ground other than a properly invoked privilege against self-incrimination, to respond to a material question approved by the court or to testify.

Bankruptcy Code §727(a)(6). Nowhere do the plaintiffs assert that this court has approved any question that the debtor has refused to answer.

Similarly, Count 9 may misconstrue the §727(a)(7) which denies a debtor a discharge if he has committed certain acts in another case under title 11 within a year prior to the filing of the debtor's case. The only other cases referred to in the complaint and the motion for summary judgment are cases in the Fairfax County Circuit Court. Those cases cannot be predicate cases for purposes of §727(a)(7). To the extent the motions for summary judgment refer to act in this case, §727(a)(7) does not apply and is, in fact, unnecessary. A debtor would be denied a discharge under §727(a)(2), (3), (4), (5) or (6) directly.

With respect to the assertion that the schedules and statement of financial affairs are wrong and that the errors constitute a false oath under §727(a)(4), even if the plaintiffs are correct that the original schedules and statement of financial affairs are incorrect, that is not itself sufficient to deny a debtor a discharge. The false oath must be knowingly and fraudulently made. Mr. Locke points out that he amended his schedules and statement of financial affairs shortly after they were filed. While this may establish that the original set contained false statements under oath, there is a genuine issue as to whether they were both knowingly and fraudulently made. It may be that they were innocent errors as evidenced by the prompt correction of them.

After having carefully reviewed the complaint, the answer, the motions for summary judgment, the responses to them and the summary judgment record, the court concludes that the

summary judgment record is not sufficient to establish that there are material facts not genuinely in dispute that entitle the plaintiffs to judgment as a matter of law.  The motions will be denied.

Alexandria, Virginia
August 1, 2012

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

copies to:

Thomas G. DeCaro, Jr.

Robert G. Locke
8505 Richmond Avenue
Alexandria, Virginia 22309

17888